UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---

| | | |
|---|---|---|
| DIRECT LINK CT, LLC, | : | |
| Plaintiff, | : | Civil Action No. 3:17-cv-727 |
| v. | : | COMPLAINT AND JURY DEMAND |
| FULING PLASTIC USA, INC. and XINFU HU, | : | |
| Defendants. | : | |

---

For its Complaint against defendants, Plaintiff states as follows:

1. Plaintiff, Direct Link CT, LLC, is a limited liability corporation organized and existing under the laws of the State of Connecticut. Its principal place of business is located at 410A Queen Street, Suite 221, Southington, CT 06489.

2. Defendant, Fuling Plastic USA, Inc. ("Fuling USA'), is a Pennsylvania corporation, having a principal place of business at 6690 Grant Way, Allentown, PA 18106. Fuling USA is a wholly-owned subsidiary of Taizhou Fuling Plastics Co. Ltd. which, in turn, is a wholly-owned subsidiary of Fuling Global Inc., Zhejiang Province, China.

3. Upon information and belief, defendant, Xinfu Hu, is the Chief Executive Officer of Fuling Global Inc. and a resident of the State of Pennsylvania.

4. This is a civil action for trademark infringement, false designation of origin, misappropriation of trade secrets, interference with business opportunity, breach of fiduciary duty and violation(s) of the Connecticut Unfair Trade Practices Act ("CUTPA").

5. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 and 1367, as well as 15 U.S.C. §§ 1114 and 1125(a) and the principles of supplemental/ancillary jurisdiction. Venue is proper in this District under 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

Plaintiff's Trademark Registration for DIRECT LINK®

6. Beginning on or about May 19, 2011, Plaintiff commercially developed, owned and utilized an unstylized DIRECT LINK word mark to support its business of marketing and selling plastic food utensils, namely, spoons and forks; and plastic cutlery such as knives and other food utensils.

7. Thereafter, and continuously since that time, the now-asserted mark has been used, accepted and recognized as Plaintiff's exclusive intellectual property.

8. On May 11, 2012, Plaintiff filed application Serial No. 85/622,821 for the common law DIRECT LINK trademark in International Class 008.

9. Plaintiff's date of first use and first use in interstate commerce was May 19, 2011.

10. Application Serial No. 85/622,821 was published for opposition on December 18, 2012. There is no record evidence of third-party opposition.

11. On March 5, 2013, Plaintiff was awarded Trademark Registration No. 4,297,592 for DIRECT LINK in connection with plastic food utensils/cutlery, namely, knives, forks spoons and other plastic food utensils. A copy of this Registration Certificate is attached as Exhibit 1.

12. According to the statutory construct of Title 15, United States Code, registration of Plaintiff's DIRECT LINK trademark has been placed on the Principal Register of the United States Patent and Trademark Office.

The Fuling USA/Direct Link USA Partnership

13. In May 2012, Plaintiff and defendant Fuling USA formed a joint venture partnership to be known as Fuling USA/Direct Link USA. Plaintiff held a 49 percent interest in the joint venture; and defendant held the other 51 percent.

14. Acting together, the parties established a sales program and process to source specialty items such as plastic food utensils and cutlery which are made in China and, using a joint sales force, offer those items to Plaintiff's customers in the United States.

**15.** At all times relevant to this action, the affairs of Fuling USA/Direct Link USA were run by defendant Xinfu Hu.

16. However, as a material part of its business, the joint venture partnership relied on Plaintiff's expertise and sales program and Plaintiff's long-standing customer relationships to provide sales opportunities for Fuling USA/Direct Link USA.

17. In a rightful effort to gain a commercial advantage as a joint venture, Plaintiff expressly and exclusively allowed defendants Fuling USA and Xinfu Hu to use DIRECT LINK® for the purpose of advancing the interests of Plaintiff as a partner of the defendants. At no time did Plaintiff ever allow third-party use of the DIRECT LINK® mark for any other purpose.

18. Despite the stated intentions of the parties, Plaintiff did not and has not received any information regarding the partnership business, including the sales it has made and the revenue it has produced from the importation and distribution of plastic food utensils and cutlery.

19. On or about June 25, 2012, defendants Fuling USA and Xinfu Hu unilaterally and unlawfully terminated the joint venture and withdrew from the partnership with Plaintiff.

20. Subsequent to June 25, 2012, and continuing until the date hereof, defendants have, without any legal right, permission or license, used the DIRECT LINK® mark in the marketing

and sale of plastic utensils and cutlery for their own benefit and to the economic detriment of Plaintiff.

21. A representative sample of defendants' promotional material is attached as Exhibit 2.

22. To make matters worse, defendants established a domestic subsidiary, which is doing business under the proprietary Direct Link name, for the purpose of selling plastic food utensils and cutlery in this District and throughout the United States.

## FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT

23. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1-22.

24. Defendants' use in commerce of the registered trademark at issue is likely to cause confusion, mistake or deception regarding a non-existent relationship between the goods marketed and sold by Plaintiff and those distributed by defendants.

25. Plaintiff's registered trademark and defendants' illicit trade designation are identical in sound and appearance. This phonetic and visual identity, as well as the similarities of merchandise, increase the likelihood of confusion.

26. Defendants Fuling USA and Xinfu Hu knew or should have known that they had no lawful right to use the DIRECT LINK® mark.

27. This unlicensed and unauthorized use of DIRECT LINK® constitutes common law and statutory trademark infringement under 15 U.S.C. § 1114 and Connecticut General Statute § 35-11(i), *et seq*.

28. Following dissolution of the previously described partnership, *supra*, paras. 13-19, defendants have intentionally and blatantly violated Plaintiff's registered trademark rights by adopting DIRECT LINK® for unauthorized use on their plastic food utensils and cutlery.

29. Based on the operative facts, defendants are individually and jointly liable for willful acts of infringement and/or dilution pursuant to 15 U.S.C. § 1117(a).

30. These deliberate actions will cause irreparable injury to Plaintiff unless immediately enjoined by this Court.

SECOND CAUSE OF ACTION
FALSE DESIGNATION OF ORIGIN

31. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1-30.

32. Defendants' actions constitute false designation of origin, false description and false representation under 15 U.S.C. § 1125(a). These actions are likely to cause confusion, mistake or deception concerning a non-existent affiliation, connection or association between the goods sold by Plaintiff and those of defendants.

33. In addition, as separately actionable matters, defendants' conduct is likely to cause confusion, mistake or deception as to a common source or origin, which no longer exists, for goods sold by the parties; or that defendants' business dealings are somehow sponsored, endorsed or approved by Plaintiff.

34. By reason of these actions, defendants have caused and will cause irreparable injury to Plaintiff unless enjoined by this Court.

THIRD CAUSE OF ACTION
MISAPPROPRIATION OF TRADE SECRETS

35. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1-34.

36. At all relevant times, Plaintiff made substantial efforts to protect the confidentiality of its proprietary information.

37. Between 2011 and 2017, Plaintiff did not publish or otherwise disclose the trade secrets attached to its program and process for the marketing and sale of plastic food utensils and

cutlery. Nor has Plaintiff voluntarily identified the assets, accounts and customer lists which are properly attributed to its business relationships.

38. After June 25, 2012, when defendants withdrew from the Fuling USA/Direct Link USA joint venture by removing themselves from contact and association with Plaintiff, they converted and took assets, business relationships and accounts previously belonging to Plaintiff.

39. Upon information and belief, defendants' conversion and misappropriation of business assets, customer lists and other trade secrets is continuing as of this date.

40. Without authorization or permission, defendants have misappropriated trade secrets and proprietary information developed by Plaintiff in the ordinary course of business.

41. Said conversion, misappropriation and subsequent activities represent a clear and willful attempt to gain an unlawful commercial advantage at the expense of Plaintiff.

42. These acts of unfair competition have caused and will cause significant losses and damages to Plaintiff which cannot be avoided without an injunction contemplated by the Federal Rules of Civil Procedure.

## FOURTH CAUSE OF ACTION
## INTERFERENCE WITH BUSINESS OPPORTUNITY

43. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1-42.

44. By conspiring to misappropriate trade secrets for their own use defendants, Fuling USA and Xinfu Hu, have committed acts of unfair competition which will inevitably compromise and interfere with Plaintiff's legitimate business opportunity and prospective advantage.

45. These anti-competitive maneuvers, which have caused and will cause economic harm, are separately actionable under the common law.

FIFTH CAUSE OF ACTION
BREACH OF FIDUCIARY DUTY

46. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1-45.

47. In his capacity as a managing agent of the Fuling USA/Direct Link USA partnership, defendant Xinyu Hu owed Plaintiff a fiduciary duty which he has breached in diverse ways.

48. The complained-of actions have the potential to cause real and substantial injury to Plaintiff without injunctive relief issued by this Court.

SIXTH CAUSE OF ACTION
VIOLATION OF UNFAIR TRADE PRACTICES ACT

49. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1-48.

50. At all times relevant hereto, defendants' conduct offended public policy; was immoral, oppressive, unethical and unscrupulous; and caused substantial injury to consumers, lawful competitors and other business entities; thereby violating the CUPTA, Connecticut General Statutes § 42-110a, *et seq*., as made and provided, resulting in ascertainable losses to Plaintiff, as set forth herein.

**WHEREFORE**, Plaintiff Direct Link CT, LLC, claims:

A. Preliminary and permanent injunctions prohibiting defendants Fuling Plastic USA, Inc. and Xinfu Hu, and those in privity with defendants, from infringing Plaintiff's federal trademark registration for DIRECT LINK;

B. Preliminary and permanent injunctions prohibiting defendants Fuling Plastic USA, Inc. and Xinfu Hu, and those in privity with defendants, from offering false designations of origin, false descriptions or false representations concerning the goods, services or commercial activities of defendants and those of Plaintiff;

C. A full, complete accounting of the business conducted by defendants in the relevant market between May 2012 and June 2016; (I think this date needs to correspond with the termination date of June 25th 2012)

D. Actual damages sustained by Plaintiff as a result of defendants' trademark infringement, unfair competition, unfair trade practices and the like;

E. Profits derived by defendants from the sale of plastic food utensils and cutlery using and/or bearing the DIRECT LINK® trademark, including all gains, proceeds and advantages derived by defendants;

F. A monetary award based on three (3) times the amount of such damages and profits according to the statutory provisions of 15 U.S.C. § 1117(b);

G. Statutory damages resulting from defendants' willful and deliberate use of a counterfeit mark, pursuant to 15 U.S.C. § 1117(c);

H. Actual damages and reasonable attorneys' fees pursuant to Connecticut General Statutes § 42-110g, arising from defendants' violation of the Connecticut Unfair Trade Practices Act;

I. Punitive and exemplary damages pursuant to Connecticut General Statutes § 42-110g(a);

J. Treble damages pursuant to Connecticut General Statutes § 35-11i;

K. An award of reasonable costs and attorneys' fees pursuant to 15 U.S.C. §§ 1117(a) and 1117(b); and Connecticut General Statutes § 42-110g; and

L. Such other legal and equitable relief as the Court deems appropriate.

JURY DEMAND

Plaintiff, Direct Link CT, LLC, demands a trial by jury for all causes of action recited in this Complaint.

Respectfully submitted,

Dated: May 2, 2017

By____________________

Thomas J. Donohue, Jr.
Federal Bar No. ct09173
KILLIAN & DONOHUE, LLC
363 Main Street
Hartford, CT 06106
TEL: (860) 560-1977
FAX: (860) 249-6638
EMAIL: tj@kdjlaw.com

EXHIBIT 1

# United States of America

## United States Patent and Trademark Office

# DIRECT LINK

**Reg. No. 4,297,592**

**Registered Mar. 5, 2013**

**Int. Cl.: 8**

**TRADEMARK**

**PRINCIPAL REGISTER**

DIRECT LINK CT, LLC (CONNECTICUT LIMITED LIABILITY COMPANY)
410A QUEEN STREET, SUITE 221
SOUTHINGTON, CT 06489

FOR: PLASTIC CUTLERY, NAMELY, KNIVES, FORKS, AND SPOONS; PLASTIC FOOD UTENSILS, NAMELY, SPOONS, FORKS, AND KNIVES, IN CLASS 8 (U.S. CLS. 23, 28 AND 44).

FIRST USE 5-19-2011; IN COMMERCE 5-19-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-622,821, FILED 5-11-2012.

HOWARD B. LEVINE, EXAMINING ATTORNEY

UNITED STATES PATENT AND TRADEMARK OFFICE
DEPARTMENT OF COMMERCE

Acting Director of the United States Patent and Trademark Office

EXHIBIT 1 (A)

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years***
**What and When to File:**

***First Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

***Second Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.* *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

***ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

EXHIBIT 2



EXHIBIT 2 (A)

